IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV396-1-MU
3:03CR71-MU

KIMBERLY PIERCY, )
)
    Petitioner, )
)
v. ) **O R D E R**
)
UNITED STATES OF AMERICA, )
)
    Respondent. )
_____)

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed September 14, 2005.

On April 30, 2003, Petitioner, among others, was indicted on two counts of violating 21 U.S.C. §§ 841 and 846 and on one count of violating 18 U.S.C. § 924(c). On March 4, 2004, the parties filed a plea agreement with the Court. On March 18, 2004, Petitioner entered a guilty plea at her Rule 11 hearing. As a result of her plea agreement, the § 924(c) gun charge against Petitioner was dismissed. On January 20, 2005, this Court sentenced Petitioner to 87 months imprisonment on each count to be served concurrently followed by three years of supervised release. Petitioner did not directly appeal her sentence and conviction.

On September 14, 2005, Petitioner filed the instant Motion to Vacate alleging that her sentence was erroneous because the Court did not use a beyond a reasonable doubt standard in determining that she should receive a two point gun enhancement pursuant to § 2D1.1(b)(6) of the United States Sentencing Guidelines.

In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or must demonstrate a miscarriage of justice would result from a refusal to entertain a collateral attack.  See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999)(citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).   In order to establish a miscarriage of justice a petitioner must establish actual innocence.  See Murrey v. Carrier, 477 U.S. at 496.

Petitioner does not allege any cause and prejudice for her failure to raise her claims on direct appeal.  Nor does she establish that she is actually innocent of the conduct for which she received the enhancement.[1]  Consequently, because Petitioner did not raise her gun enhancement issue on direct appeal she has procedurally defaulted her claim.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

---

[1] The Court notes that Petitioner's co-defendant was convicted of violating § 924(c) based upon the December 2, 2002 arrest.

**Signed: September 30, 2005**

Graham C. Mullen
Chief United States District Judge