# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:03CR71-9-MU

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> KIMBERLY ANN PIERCY, ) <br> ) <br> Defendant. ) | **ORDER** |

**THIS MATTER** comes before the Court upon the Defendant's "Motion to Reduce Term of Imprisonment" (Document No. 216) and the "Government's Response to Defendant's Motion to Reduce Term of Imprisonment" (Document No. 218). Defendant asks this Court to impose a sentence in accordance with the 2006 Guidelines.

On April 30, 2003 Defendant was indicted by the Grand Jury for conspiracy to possess with intent to distribute oxycdone and hydrocodone. The indictment alleged that the conspiracy took place between January 2002 and December 2002. Defendant pled guilty pursuant to a plea agreement on March 18, 2004. However, while awaiting sentencing, defendant violated the terms of her pre-trial release by failing to maintain employment, submitting diluted urinalyses, failing to comply with 24-hours home confinement with electronic monitoring and using drugs.

In a case involving two drugs (here oxycodone and hydrocodone) the drugs must be converted to a quantity of marijuana using a marijuana equivalency. In determining the appropriate sentence to recommend to the Court for purposes of preparing a presentence report ("PRS") the probation officer used the marijuana equivalencies in the 2002 edition of the United States

Sentencing Manual, which was the Guideline Manuel in effect at the time Defendant committed the offense. The probation officer calculated Defendant's base offense level using the Drug Equivalency Table in § 2D1.1 of the 2002 Guidelines Manuel , wherein 1 gram of hydrocodone equals 500 grams of marijuana and 1 gram of oxycodone equals 500 grams of marijuana. Accordingly, Defendant's base offense level was 32. With the application of certain enhancements and reductions, Defendant's total offense level was 29. The probation officer issued the PSR to the parties.[1] Defendant made no objections as to the base offense level or total offense level. On January 20, 2004, this Court sentenced Defendant to 87-108 months using an adjusted base offense level of 29.

By way of the instant motion, defendant asks this Court to impose a lower sentence by applying the 2006 Manuel. However, Defendant offers no authority for the Court to resentence her pursuant to the 2006 Manuel. Furthermore, application of § 1B1.10 of the 2006 Manuel would result in a higher sentence. Section 1B1.10(a) provides that:

> [W]here a defendant is serving a term of imprisonment, and the guideline range applicable to theat defendant has subsequently been lowered as a result of an amendment to the Guideline Manual listed in subsection (c) ..., a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none if the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.C. § 3582(c)92) is not consistent with this policy statement and this is not authorized.

Subsection (c) lists, in numerical order, the particular Amendments in Appendix C that are covered by the Policy Statement. The only Amendment that could apply to Defendant's case is that last Amendment listed in subsection (c), Amendment 657. This Amendment changed the marijuana

---

[1] Prior to sentencing, the probation officer issued a revised PSR because she believed that she should have calculated Defendant's base offense level using the 2004 Manual. Using the 2004 Manual, the probation officer determined that Defendant's base offense level was 34. However, the Court sentenced Defendant pursuant to the 2002 Manuel due to ex post facto concerns.

equivalency for 1 gram of oxycodone (actual) from 500 grams to 6700 grams of marijuana. Presumably, Defendant is relying on this Amendment as the basis for her Motion to Reduce Sentence. However, the sentence called for by Amendment 657 (2006 Manuel) is higher than the sentence she received under the 2002 Guidelines. While, Defendant argues that under the 2006 Manuel her base offense level should be 28 and her resulting sentence 57 to 71 months, Defendant offers no analysis as to how she arrived at this calculation. Defendant has either miscalculated or misunderstood Amendment 657. Indeed, the probation officer, in her revised PRS, calculated Defendant's base offense level using the 2004 Manuel, which incorporated Amendment 657. This resulted in a higher base offense level than the base offense level using the 2002 Manuel in effect at the time Defendant committed the offense. Thus, rather than lowering Defendant's base offense level, Amendment 657 increased her base offense level. The increase affecting the 2004 Manuel applies today and the 2006 Guidelines would provide for a base offense level of 34.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion to Reduce Sentence (Document No. 216) is Denied.

**SO ORDERED**.

Signed: September 6, 2007

Graham C. Mullen
United States District Judge

3